**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **JANE UHV-ML DOE** | §ON | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | |
| | § | **C.A. No. _____** |
| **UNIVERSITY OF** | § | |
| **HOUSTON-VICTORIA** | § | |
| **Defendant** | § | |
| | § | |

_____

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff "**JANE UHV-ML DOE**" to file her "Plaintiff's Original Complaint" as follows:

### PREAMBLE

### *UHV STUDENT DISCRIMINATED AGAINST AND TOSSED ASIDE*

*Plaintiff was a student at the University of Houston-Victoria seeking a degree. Most regrettably, for no reason other than discrimination because of certain disabilities held by Jane, and other violations of Plaintiff's civil rights by Defendant, Plaintiff was improperly suspended from of school but a whiff away from graduation.*

### A.  NATURE OF THE SUIT

1.      Plaintiff Jane (defined hereafter) is a female. With but a few months away from graduation, Jane's substantive and procedural due process rights, and,


Case 6:19-cv-00036   Document 1   Filed on 04/24/19 in TXSD   Page 2 of 17

equal protection rights were trampled upon and Jane was cast aside. Jane has been left with no choice to file this Complaint for damages and equitable relief.

2.     Plaintiff Jane now files this original action for damages and equitable relief pursuant to:

    (a)    Section 504 of the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978, 29 U.S.C. § 794;

    (b)    Title II of the Americans with Disabilities Act, 42 U.S.C.A. §§ 12131–50 (2011);

    (c)    Title IX of the Education Amendments of 1972), 20 U.S.C. § 1681 et. seq.; and

    (d)    42 U.S.C. § 1983 with regards to:

        (i)    Defendant's violations of the laws of the United States; and

        (ii)    Defendant's denial (under the color of law) of Plaintiff Jane's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution;

        (iii)    Defendant's denial (under the color of law) of Plaintiff Jane's freedom of expression and assembly rights granted by the First Amendment to the U.S. Constitution;

    (e)    Defendant's actions in violations of provisions of the Texas Constitution; and

2

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.04.24

      (f)    Defendant UHV's breach of the Educational Contract (defined hereafter).

## B.   <u>PARTIES</u>

3.    Plaintiff "**JANE UHC-ML DOE**" ("Jane") is an individual residing in the State of Texas.  Because of the privacy issues involved in this matter and the real and eminent threat of further retaliation by Defendant, Jane is hereby exercising her rights to proceed with this matter anonymously.

4.    The need to protect the identity of Plaintiff Jane does not hinder the defense of this matter by Defendant, for the facts are well known to the Defendant. When applying the applicable tests (created by jurisprudence applicable to this Court) to balance the needed protection of privacy versus any inconvenience to the Defendant, the protection of Jane's privacy prevails.

5.    At such time as the Court might agree on procedures designed (a) to protect the privacy of Plaintiff Jane, and (b) to protect Plaintiff Jane from further retaliation, Jane's identity shall be disclosed.

6.    Defendant **UNIVERSITY OF HOUSTON-VICTORIA** ("UHV") is a public university owned by, and operating in, the State of Texas that receives grants and other funding from the United States and may be served with summons by serving its President as follows:

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.04.24

**University of Houston-Victoria**
**c/o Robert K. Glenn, President**
**3007 N Ben Wilson Street**
**Victoria, TX 77901**

## C.  <u>JURISDICTION and VENUE</u>

7.      The jurisdiction of this Court is in accordance with 28 U. S. C. § 1331

as involving a *federal question* proceeding arising under:

(a)      Section 504 of the Rehabilitation, Comprehensive
Services, and Developmental Disabilities Act of 1978, 29
U.S.C. § 794 ("Section 504");

(b)      Title II of the Americans with Disabilities Act (ADA), 42
U.S.C.A. §§ 12131–50 (2011) ("ADA");

(c)      20 U.S.C. § 1681 et. seq. (Title IX of the Education
Amendments of 1972) ("Title IX"); and

(d)      Section 1983 of Title 42 of U.S.C. ("Section 1983"

8.      Venue is proper in the Southern District of Texas (Victoria Division)

because Defendant UHV operates its schools in, and from, Victoria and Victoria

County, Texas, which is within the Southern District of Texas.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.04.24

## C. FACTUAL ALLEGATIONS

### *Who is Plaintiff Jane?*

9.      Until just recently, Plaintiff Jane was a student nearing graduation at Defendant UHV.

10.     Upon enrollment in Defendant UHV, Plaintiff Jane took the necessary steps to register for accommodations due to Jane's federally recognized disabilities ("Jane's Disabilities") as allowed by Jane's Section 504 rights. As a result, Jane was granted certain "Accommodations."

11.     Had the Defendant not violated Plaintiff Jane's civil rights and intentionally done everything possible to stop Plaintiff Jane, Jane would soon be graduating from Defendant UHV.

### *Defendant UHV's Actions to cast Jane Aside.*

12.     By refusing to provide the Accommodations entitled to Plaintiff Jane and as a direct result of Jane's Disabilities, Defendant suspended Jane ("Suspension").

13.     Defendant UHV's Suspension of Plaintiff Jane is also in violation of the university catalog that governs Jane's admission to Defendant UHV ("Educational Contract").

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.04.24

*Harm to Jane.*

14.     With the Suspension, Plaintiff Jane is unable to graduate and pursue Jane's selected career.

15.     For the purposes of this matter, Defendant UHV's discrimination of Plaintiff Jane because of Jane's Disabilities, Defendant UHV's failure to provide Plaintiff Jane's Accommodations, and UHV's breach of the Educational Contract shall be collectively referred to hereafter as the "Civil Rights Violations."

16.     Plaintiff Jane has suffered severe physical, emotional, and economic harm as a result of the Civil Rights Violations committed by Defendant and shall suffer future physical, emotional, and economic harm.

17.     The Civil Rights Violations committed by Defendant as to Plaintiff Jane were intentional and in bad faith, made with full knowledge that the damage to Plaintiff Jane would follow Jane for the rest of her life, constituting conscious indifference by Defendant UHV.

18.     Upon information and belief, Defendant's Civil Rights Violations committed against Plaintiff Jane constitutes disparate treatment of females (including Plaintiff Jane) and has had a disparate impact on female students (including Plaintiff Jane), in violation of Title IX.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.04.24

### *Defendant's Action Under the Color of State Law.*

19.     The administrators, participating in Defendant UHV's Civil Rights Violations as to Plaintiff Jane, are the applicable persons delegated with implementing and were implementing the policies and customs of Defendant UHV when committing the Civil Rights Violations of Plaintiff Jane.

20.     Further, if such policies are not, in fact written, each of the administrators participating in Defendant UHV's Civil Rights Violations as to Plaintiff Jane were implementing the policies and customs of Defendant UHV in accord with the customs and practices of Defendant UHV.

### *Administrative Remedies.*

21.     There are no administrative remedy preconditions ("Preconditions") required prior to seeking relief under the laws being invoked herein by Plaintiff Jane. Even if such Preconditions did exist, the actions of Defendant have shown that such efforts would be futile or are otherwise moot.

22.     As a result of Defendant's Civil Rights Violations targeted at Plaintiff Jane, Plaintiff Jane was forced to engage an attorney and pursue this action to redress such wrongs.

23.     All conditions precedent to Plaintiff Jane bringing these claims have been met.

7

**PLAINTIFF'S ORIGINAL COMPLAINT**

## E.  PLAINTIFF'S CAUSES OF ACTION

24.    Plaintiff Jane incorporates by reference the facts set forth in Article D: FACTUAL ALLEGATIONS hereof.

### COUNT ONE: SECTION 504 VIOLATIONS

25.    As a university owned and operated by the State of Texas that receives grants and other funding from the United States, Defendant UHV falls under the jurisdiction and requirements of Section 504.

26.    As mandated by Section 504, Defendant UHV is prohibited from discriminating against students having been diagnosed with various disabilities.

27.    Plaintiff Jane's Disabilities qualify as disabilities covered by Section 504, and Defendant UHV's Civil Rights Violations against Jane are direct violations of Section 504,

28.    Defendant UHV's Civil Rights Violations against Plaintiff Jane  in violation  of  Section 504 have caused Plaintiff Jane to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jane now sues in accord with Section 504.

29.    Defendant UHV's  Civil Rights Violations against Plaintiff Jane  in violation  of  Section 504 have caused Plaintiff Jane to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future

compensatory damages, for which Plaintiff Jane now sues in accord with Section 504.

## COUNT TWO: ADA VIOLATIONS

30.     As a university owned and operated by the State of Texas that receives grants and other funding from the United States, Defendant UHV falls under the jurisdiction and requirements of the ADA.

31.     As mandated by the ADA, Defendant UHV is prohibited from discriminating against students having been diagnosed with various disabilities.

32.     Plaintiff Jane's Disabilities qualify as disabilities covered by the ADA, and Defendant UHV's Civil Rights Violations against Jane are direct violations of Section 504.

33.     Defendant UHV's  Civil Rights Violations against Plaintiff Jane  in violation  of  the ADA have caused Plaintiff Jane to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jane now sues in accord with the ADA.

34.     Defendant UHV's  Civil Rights Violations against Plaintiff Jane  in violation  of  the ADA have caused Plaintiff Jane to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jane now sues in accord with the ADA.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.04.24

## COUNT ONE: TITLE IX VIOLATIONS

35.     As a university owned and operated by the State of Texas that receives grants and other funding from the United States, Defendant UHV falls under the jurisdiction and requirements of Title IX.

36.    Defendant UHV's Civil Rights Violations against Plaintiff Jane  are so severe, pervasive, and objectively offensive that Plaintiff Jane has been deprived access to educational opportunities and benefits provided by Defendant UHV in violation of Title IX.

37.     Defendant UHV's Civil Rights Violations against Plaintiff Jane failed to protect Plaintiff Jane from discrimination in violation of Title IX.

38.     Defendant UHV's Civil Rights Violations as to Plaintiff Jane constitute disparate treatment of females (including Plaintiff Jane) and has had a disparate impact on female students (including Plaintiff Jane) in violation of Title IX.

39.     Defendant UHV's  discriminatory  conduct  toward Plaintiff Jane,  in violation  of  Title IX has caused Plaintiff Jane to suffer a loss of benefits and created economic  losses,  including  all  actual,  consequential,  continuing,  and  future compensatory damages, for which Plaintiff Jane now sues in accord with Title IX.

40.     Defendant UHV's  Civil Rights Violations against Plaintiff Jane   in violation  of  Title IX have caused Plaintiff Jane to suffer mental and emotional

**PLAINTIFF'S ORIGINAL COMPLAINT**

tpg 2019.04.24

distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jane now sues in accord with Title IX.

## COUNT FOUR: SECTION 1983 VIOLATIONS

41.    Section 1983 of Title 42 of the United States Code provides, in part,:

> "Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, and citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the part injured in an action at law, suit in equity, or other proper proceeding for redress…"

42.    Defendant UHV's Civil Rights Violations were committed against Plaintiff Jane under the color of law and resulted in the violation of Plaintiff Jane's rights under the United States Constitution and other federal laws.

43.    Specifically, Defendant UHV's Civil Rights Violations were committed under the color of law and resulted in the violation of Plaintiff Jane's rights under:

(a)    Section 504;

(b)    the ADA;

(c)    Title IX;

(d)    the procedural due process requirements of the United States Constitution as set forth in the Fourteenth Amendment, in violation of Jane's Property Rights;

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.04.24

    (e)    the substantive due process requirements of the United States Constitution set forth in the Fourteenth Amendment in violation of Jane's Property Rights; and

    (f)    the equal protection requirements of the United States Constitution set forth in the Fourteenth Amendment in violation of Jane's Property Rights.

44.    Defendant UHV's Civil Rights Violations of Plaintiff Jane, in violation of Section 1983 has caused Plaintiff Jane to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jane now sues in accord with Section 1983.

45.    Defendant UHV's Civil Rights Violations against Plaintiff Jane in violation of Section 1983 have caused Plaintiff Jane to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jane now sues in accord with Section 1983.

46.    Plaintiff Jane also seeks equitable relief to which Plaintiff Jane is entitled by Section 1983, including but not being limited to:

    (a)    reinstatement of Plaintiff Jane; and

    (b)    requiring Defendant UHV to strike all negative information, emails, evaluations, and materials as to Plaintiff Jane.

**PLAINTIFF'S ORIGINAL COMPLAINT**

tpg 2019.04.24

## COUNT FIVE: VIOLATIONS OF THE TEXAS CONSTITUTION

47.    As a university owned and operated by the State of Texas, Defendant UHV's action are also subject to scrutiny of protections created by the Texas Constitution.

48.    Defendant UHV's Civil Rights Violations against Plaintiff Jane were committed under the color of law and resulted in the violation of Plaintiff Jane's' rights under the Constitution of the State of Texas.

49.    Specifically, Defendant UHV's Civil Rights Violations committed towards Jane were committed under the color of law and resulted in the violation of Plaintiff Jane's rights under:

(a)    the procedural due process requirements of the Texas Constitution found in Article 1, Section 19;

(b)    the substantive due process requirements of the Texas Constitution found in Article 1, Section 19; and

(c)    the equal protection requirements of the Texas Constitution found in Article I, Section 3.

Hereafter, the foregoing shall be collectively referred to as "Violations of the Texas Constitution."

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.04.24

50.    Defendant UHV's Violations of the Texas Constitution as to Plaintiff Jane have caused Plaintiff Jane to suffer a loss of benefits and created economic losses.

51.    Defendant UHV's  Violations of the Texas Constitution as to Plaintiff Jane  have caused Plaintiff Jane to suffer mental and emotional distress and damages.

52.    Although Plaintiff Jane, as a private party living in the State of Texas, has no standing to seek monetary damages for the Defendant UHV's  Violations of the Texas Constitution as to Plaintiff Jane, Plaintiff Jane does seek the equitable relief to which Plaintiff Jane is entitled by Texas jurisprudence, including but not being limited to:

     (a)    reinstatement of Plaintiff Jane; and

     (b)    requiring Defendant UHV to strike all negative information, emails, evaluations, and materials as to Plaintiff Jane.

## COUNT SIX: PUNITIVE DAMAGES

53.    Defendant UHV's Civil Rights Violations against Plaintiff Jane in violation of Section 504 were intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference to, Plaintiff Jane's federally protected rights, thereby entitling Plaintiff Jane to punitive damages

**PLAINTIFF'S ORIGINAL COMPLAINT**

tpg 2019.04.24

pursuant to Section 504, for which Plaintiff Jane now seeks in an amount of $ 1,000,000.00.

54.    Defendant UHV's Civil Rights Violations against Plaintiff Jane in violation of the ADA were intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference to, Plaintiff Jane's federally protected rights, thereby entitling Plaintiff Jane to punitive damages pursuant to the ADA, for which Plaintiff Jane now seeks in an amount of $ 1,000,000.00.

55.    Defendant UHV's Civil Rights Violations against Plaintiff Jane in violation of Title IX were intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference to, Plaintiff Jane's federally protected rights, thereby entitling Plaintiff Jane to punitive damages pursuant to Title IX, for which Plaintiff Jane now seeks in an amount of $ 1,000,000.00.

56.    Defendant UHV's Civil Rights Violations against Plaintiff Jane in violation of Section 1983 were intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference to, Plaintiff Jane's federally protected rights, thereby entitling Plaintiff Jane to punitive damages pursuant to Section 1983, for which Plaintiff Jane now seeks in an amount of $ 1,000,000.00.

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.04.24

## COUNT SEVEN: POST JUDGMENT INTEREST

57.     Plaintiff Jane also requests post judgment interest as may be allowed by applicable law.

## COUNT EIGHT: ATTORNEYS' FEES

58.     Plaintiff Jane should be awarded her reasonable and necessary attorneys' fees incurred in relation to the foregoing as allowed by applicable law.

## F.     REQUEST FOR JURY

59.     Plaintiff Jane hereby requests that a jury be empaneled, and, that the foregoing causes of actions and requests for relief be presented to such jury for resolution.

## G.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jane prays that: summons be issued upon Defendant; upon final trial hereof, that judgment be entered in favor of Plaintiff Jane for the actual, consequential, and exemplary damages set forth herein including post judgment interest; that Plaintiff Jane be granted the equitable relief be granted; that Plaintiff Jane be reimbursed her reasonable and necessary attorneys' fees required to bring this matter; all costs of Court be taxed against Defendant; and that Plaintiff Jane have such further and other relief, general and special, both at law or in equity, to which he may show herself to be justly entitled.

16

**PLAINTIFF'S ORIGINAL COMPLAINT**

tpg 2019.04.24

Respectfully submitted,

Gorman Law Firm, pllc

By:_____

     Terry P Gorman, Esq.
     Texas Bar No. 08218200
     tgorman@school-law.co
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: (512) 320-9177
Telecopier: (512) 597-1455
**ATTORNEYS FOR PLAINTIFF
JANE UHV-ML DOE**

17

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.04.24